D. TABACHNICK & COMPANY, INC., Respondent, *v.* F. C. LINDE COMPANY, Appellant.

First Department, May 29, 1919.

**Pleading — amendment of complaint at trial — changing cause of action — conforming pleading to proof improperly received.**

A defendant should not be called on to meet a cause of action totally different from that stated in the complaint and which he says he is unprepared to meet.

So in an action to recover damages from a warehouseman for injury to fish, based on the theory that the fish were injured while in the defendant's possession, it is reversible error for the court to permit the plaintiff to amend his complaint at the trial so as to base the action on an agreement by the warehouseman to take the fish into possession and store them. Plaintiff should move at Special Term for leave to serve an amended complaint.

It is not permissible to conform pleadings to proof improperly received over objection.

APPEAL by the defendant, F. C. Linde Company, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of December, 1918, affirming a judgment of the City Court of the City of New York and also from an order of said court denying defendant's motion for a new trial.

An appeal is also taken from the original judgment and order of the City Court of the City of New York and from the judgment entered in the office of the clerk of the City Court of the City of New York upon the affirmance of the Appellate Term.

*Woolsey A. Shepard* of counsel [*Thomas & Houghton*, attorneys], for the appellant.

*Maxwell S. Harris* of counsel [*Simmons & Harris*, attorneys], for the respondent.

PHILBIN, J.:

The complaint sets forth a cause of action against the defendant, a warehouseman, for neglect to care for goods placed in its possession. It is alleged that the defendant

maintained a cold storage plant, railroad tracks, platforms and other appurtenances at St. John's Park in the city of New York; that the plaintiff delivered a carload of fish to the defendant by placing it on one of its tracks and that the defendant took the same into its possession. It is further alleged that the defendant permitted the carload to remain on its tracks without protecting the contents from deterioration or damage during the period it was so in defendant's possession. The defendant in its answer, besides denying the other material allegations, specifically denied that it maintained such tracks, platforms and appurtenances and that the goods were in its possession. The liability of the defendant under the pleadings depended upon the determination of the issue as to whether it had discharged the duty imposed upon it by law as a warehouseman.

The plaintiff having discovered that the defendant did not own the tracks, platforms and appurtenances sought to introduce proof at the beginning of the trial to the effect that the defendant had committed a breach of an agreement to take charge of the fish upon its arrival at the freight yard and had failed to do so. The theory that defendant had neglected to care for the fish while actually in its possession was abandoned. The defendant objected to any evidence being offered on the new theory and insisted that plaintiff must be limited to proof that the goods were injured while in its possession. The objection was overruled and defendant duly excepted. At the close of plaintiff's case a motion to dismiss the complaint was made on the ground that the plaintiff had failed to prove the cause of action set forth in the complaint. The plaintiff's counsel admitted that the fish had never passed into the defendant's possession but asserted the agreement to take the fish into possession and store it. The court then suggested that the complaint be amended to conform to the proof. When plaintiff made a motion to that effect the defendant pleaded surprise but the court granted the motion over defendant's objection and exception. The complaint was then amended by striking out all the allegations which stated that the goods were in defendant's possession. There were substituted therefor allegations to the effect that the defendant agreed for a stipulated consideration to store the fish

in its cold storage plant and to protect the fish from damage or deterioration. It was reversible error to grant the motion. The defendant's plea of surprise is sustained by the facts. Defendant should not have been called upon to meet a cause of action totally different from that stated in the complaint and which he said he was unprepared to meet. It is not permissible to conform pleadings to proof improperly received over objection and exception. (*Grossman Mfg. Co., Inc.,* v. *N. Y. C. R. R. Co.,* 181 App. Div. 764, 769; *Naulty* v. *Gorham Manufacturing Co.,* 178 id. 36.) The proper course for plaintiff would seem to be to move at Special Term for leave to serve an amended complaint.

The determination of the Appellate Term and the judgment and order of the City Court should be reversed and a new trial granted, with costs to the appellant in all courts to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellant in all courts to abide event.